At this time, we'll hear United States v. Persico. Good morning, your honors. My name is Anthony DiPietro and I represent the appellant Carmine Persico. The key issue in this case is whether Mr. Persico is entitled to a new sentencing proceeding as a result of the government's suppression of Brady evidence relating to uncharged conduct considered by the sentencing judge. But your only vehicle is former Rule 35 and I don't see how it supports your application. Your honor, the sentence is illegal under Rule 35 because the sentencing judge considered improper factors that we know now are untrue because the government had suppressed evidence at the time that would have proven that so. I think that the case law says that basically, and this is pre-guidelines we're talking about, was that an illegal sentence would be one that was, you know, beyond the statutory maximum or was imposed in an illegal manner such as the defendant wasn't given a chance to allocute and that kind of thing, rather than the information that was available to the judge. Well, your honor, in Hill, the Supreme Court also stated, besides the sentence being beyond the statutory maximum, that a term of a sentence is illegal if it is constitutionally invalid and that's the third option that the court in Hill gave. So the court never defined what does that mean when a term is constitutionally invalid. In this case, the term is invalid because the government suppressed evidence that would have allowed Mr. Persico to mitigate his punishment. A 100 year sentence without consideration of the uncharged crimes would not be reasonable in this case. These are outcome driven factors. If we exclude them, the court cannot come to this conclusion because if we look at the case before Judge Keenan, and in that case, he said explicitly, I will not consider anything besides what you have been convicted for. In this case, although the sentencing judge said, I will not rely upon the government's sentencing memorandum, there are a number of factors here. Isn't that the only place? No, that's not, your honor. In the pre-sentence report. Where the murders were reduced? That is not correct, your honor. In the pre-sentence report, and that's at A91 through 92, the accusation is contained in the pre-sentence report claiming that the defendants were responsible for the Galante murders. And on the next page at the top of 92, it says the commission ordered certain other murders. In addition to that, at the time of sentencing, the sentencing judge said to Mr. Persico, I find that the evidence shows you have sanctioned killings, you have voted on the Galante murder, and you profited being a member of an enterprise that succeeded on murder and violence. In addressing Mr. Persico's co-defendants, both Santoro and Corallo, who were not charged with any murders as well, he said I find that a 100 year sentence is appropriate because you two have been partners in conspiracy to murder, authorized murders, and violence, and that's at page A168. About this, your client has taken the position all along that he voted against the Galante murder. Correct, your honor. And now this evidence proves- But, and that, so that was in the case, and there's nothing new about that argument. But it's a weightless argument if the government has evidence, and it's suppressing it, that would allow him- The question is whether the judge convicted him, factored in the fact that he did not vote to kill Galante, but was a member of the commission. And if you're part of the Senate of the United States, then it doesn't matter how you vote in that Senate if that Senate is engaged in illegal activity. I understand that, your honor, but if we exclude the Galante murder, then what is the pre-sentence report referencing to when it says the commission sanctioned other murders? There's no other murders in this case aside from what the government put forth in its sentencing memorandum. We cannot look at this in a vacuum. This is a fact of the record in which the sentencing judge says in one breath, I'm not going to consider this. And in the next, when addressing the defendant, he repeatedly- The theory of the government's case was that that was why the commission was set up to approve murders. Your honor, I don't believe that is the government's position. I think one was their theory, which makes the Brady evidence more material. Because if they did set forth a theory that the only way a boss can be murdered is through the commission, and now there's evidence that Mr. Persco was not part of the commission when that vote occurred, then that would be material to the defendant. When did the vote occur for Galante? 1979, according to the government. And the Brady evidence shows in this case that the FBI case agent had possessed evidence from at least four informants. The jury, there was evidence of different people being involved in the commission at different times. Wasn't there a trial? And the defense made the points that not all of these people were members of the commission at the times alleged by the government? Your honor, you're hitting a very valid point. And that is, as soon as the government has noticed that this evidence is material to the defendant's theory of defense, they have a duty to disclose it. The government cannot evade disclosure by claiming the evidence is too speculative. That is not even consistent with this court's decision in DeSimone, where it said it's not up to the government to determine the reliability of Brady evidence. In this case, the district court found that the Brady evidence was too speculative to warrant disclosure. There's nothing in the record to support the district court's conclusion. In fact, the reports indicate themselves that the government considered the information of high quality and extremely reliable. The government also concedes in those records that it used the information to its own benefit in sworn applications to courts to obtain wiretaps, arrest warrants, and indictments. How can the government now claim that the same evidence it uses for its favor is too unreliable to be disclosed to the defendant? Both of these provisions, as I understand it, A and B, are discretionary, isn't that correct? They are, your honor, but the- Therefore, it's an abuse of, you've got to establish an abuse of discretion. Correct, and there's an abuse of discretion in this case because A, the court misapplied the Brady rule. It is not up to the government to decide what is reliable in order to warrant disclosure. And B, the district court misconstrued the facts, because in this case, the record overwhelmingly demonstrate- The Brady rule comes in and becomes important in considering whether there was a material factor that was not taken into account or that was suppressed by the government that should have been adduced at trial and related to the conviction, not to the sentence. Your honor, it is in regard to the sentence because Mr. Persico was not charged with any murder. The first time the government sought to hold him accountable for any murder was at the time of sentencing. The Supreme Court has made clear that we must look at Brady evidence in the context of guilt and punishment. Remember the commission, wasn't he? Yes, he was, but there was no proof that he directly participated in any murder. And this Brady evidence undercuts the government's theory. For example, well, if he was not part of the commission in 1979 and the government had at least four sources who identified another person as holding that position until at least November 5th, 1980. According to the government's theory, Mr. Persico could not have voted on the Galante murder. In 79. 79, right, and the Brady evidence shows that the first time the gentleman was asked to step down from the commission, who was an alternative person, was November 5th, 1980. So Mr. Persico could not have been part of the vote on the Galante murder. In addition, the government suppressed evidence showing that alternative suspects were responsible for the Spiro murder. The government later prosecuted these individuals and obtained their conviction. At no time did it seek to correct the record in this case. It is not, the government has an obligation to disclose evidence in which it seeks to enhance a sentence. Once sentencing arises and the government introduces uncharged acts, it triggers its Brady obligation to disclose evidence relating to those uncharged acts. I think you've reserved your button. Thank you, Your Honor. I'll hear you then. May it please the court, my name is Matthew Podolsky and I represent the United States. Judge Duffy's decision should be affirmed for any of three independent reasons. First, Judge Duffy decided that he would not reduce Mr. Persico's sentence, even if his motion had any validity. Second, Persico's motion was time barred by more than- Suppose that was based on a misapprehension of fact that could be demonstrated, or on an error of law. Your Honor, I think we can, there are really two parts to the decision. There's a prudential grounds, which Judge Duffy decided on, and then there's the question of fact or law. Judge Duffy said, even if there was a valid basis for this motion in fact or law,  and that was not an abuse of discretion, particularly given the gravity of the offense conduct and the extreme length of time between the imposition of sentence in this case and Mr. Persico's motion. So I think even if Judge Duffy was wrong on the merits, he should still be upheld on the prudential ground of denying the purely discretionary Rule 35 motion. Second, Mr. Persico's motion was time barred by more than 25 years. And third, the motion is meritless in any event. Now, I'd be happy to address any of these points in depth or answer any questions the panel has. Otherwise, I'll simply say that, as Judge Duffy found- You're saying it's time barred, why? Yes, Your Honor. Under 35A, I think that can be corrected at any time, right? Well, 35- If it's illegal. Yes, Your Honor. So there are two parts of A. There's a question of if it's illegal or not. Exactly, so the claims in this case are, if anything, that the sentencing court, Judge Owen, relied on misinformation because he didn't have these purported Brady materials. The case law is clear that in that case, the claim is really that the defendant was sentenced in an illegal manner. Because that doesn't go to the validity of the terms of the sentence, as Supreme Court made clear in Hill versus United States. And that's time limited to- Exactly, 120 days after the judgment becomes final. In this case, after petition for writ of certiorari was denied, which was back in 1989. I will just say that, as Judge Duffy found, and there was no basis for clear error, the materials relied on here were not Brady, they wouldn't form the basis for a-  Yes, sir. The adversary says that the illegal sentence can be a sentence that implicates a constitutional violation. If there's a constitutional violation that contributed to the sentence, then it's illegal. Do we have, are there any cases to bear on this question that you're aware of that support that position? Yeah, I don't think there are any cases that support the defendant's view, Mr. Persico's view. I think the case law is quite clear that that's incorrect. Hill versus United States, which I mentioned, I think is the seminal case on this. And there, the Supreme Court made clear that a sentence is illegal only if the punishment meted out was in excess of that described by the relevant statutes. Multiple terms were imposed for the same offense, or the terms, and I think this is a key point, the terms of the sentence were legally or constitutionally invalid in any other respect. In United States versus Malcolm, this court said, since the sentence is legal on its face, it is not subject to correction as an illegal sentence under Rule 35. So there, and frankly, if you look at the structure of former Rule 35A, the rule itself makes a distinction between illegal sentences and sentences that are meted out in an illegal manner. They're subject to the 120 days. Exactly, Your Honor. You said you had three arguments. Yes, Your Honor. I've heard one, but what are the other two? Yes, Your Honor. As far as the underlying merits of the motion, I'll go ahead and address the materials that are purported to be Brady. If the record discloses the reports, well, let me step back. There are really two categories of documents that Mr. Persico relies on in this case. The first are a number of reports that he obtained through recent FOIA requests that go to- I understand to be the- The crux of the case. So why don't I focus on that? First of all, they're not, as Judge Duffy found, they're not Brady. They're not exculpatory. Each of those documents is completely consistent with the government's theory of the case. As, for example, if you look at the appendix at page 51, that's the government's sentencing submission. The government's theory was that while Mr. Persico was in prison, there were other members of the Colombo family that acted as the boss. And indeed, the government specified that, at least for some of the time, that was Thomas DiBella. While Persico now argues that these purported Brady materials show that Thomas DiBella was acting as the boss during the time that Persico was in prison. And in fact, the record also, some of the reports relied on by Persico, for example, in the appendix at 234 to 238, actually confirmed that Persico was still acting as the boss during that time period. The reports are also not material, as Judge Duffy found. They simply don't undermine any confidence in the verdict or the sentence. And that last point is important, because these all go to the evidence that was put on at trial as to whether or not Mr. Persico was the leader of the Colombo family and acting as a member of the commission. Former Rule 35A is only, as we've discussed, about the validity or legality of the sentence. So, was the jury presented with facts that disputed when he joined the commission? In other words, was that something the jury resolved? Because there's a debate here as to whether he was there just for the last five years before the trial. Or whether he joined the commission in 72. My understanding, based on the record here, is that the jury was presented with facts showing that he was on the commission back to 72. That's how I understand Judge Owen's description of the case at sentencing. But in any case, Mr. Persico here has made an argument that somehow, Judge Owen improperly considered uncharged murders and that these purported Brady materials dispute that.  First of all, as far as the murder of Tommy Sparrow or Mary Berry, those were not considered by the court. The court rejected the government's sentencing submission in full, and those murders were not included in the pre-sentence investigation report, nor were they mentioned by Judge Owen at sentencing. As for the murder of Carmine Galante, the court was very clear about what the evidence at trial showed, which was that Mr. Persico voted not to proceed with the murder of Mr. Galante. I believe that was based on testimony of Mr. DeChristopher at trial. I take it that the sentence then was focused on the fact that he was a member of the commission. And the commission as a body voted as it did, as far as Galante was concerned, notwithstanding the fact that he dissented. That's correct, Your Honor. The focus of the trial was on Mr. Persico's membership in the commission, which both set rules to determine disputes between the five families, and also engaged in the so-called club, which was to basically control large construction projects for the entirety of New York. At sentencing, Judge Owen said, and this is at the appendix at 138 to 39, that the jury has found you guilty in my judgment on overwhelming evidence. That being a member of the commission, operating through it, and you were in prison during some of the time that this was going on, and so it was perfectly apparent that although the lines of communication may not have been as free as otherwise, you're still running your operation. And he goes on to say, essentially, that the basis of the sentence is your membership in the commission, which acted through extortion and violence. And with that, I'll simply say that there was no abuse of discretion by Judge Duffy in rejecting Mr. Persico's sentence, and the order should be affirmed. Thank you. Thank you. Your Honors, I would just like to address two points. One is the government's contention that this motion is time barred. If it is true that the government suppressed Brady evidence, which should have been disclosed before the time limit expired, Mr. Persico is not chargeable for the delay. In Fallon, the court said that when unique circumstances are present, and the delay is not chargeable to the defendant, but rather caused by a detrimental reliance on an act of the government. You're bringing a habeas petition, third, second, whatever. Habeas petition based upon Brady. I mean, that's the normal way it's done, right? Right, correct, Your Honor. But also, given my client's age and knowing the procedure, the fastest way to get relief, and he was entitled to relief under Rule 35, is to go back to the district court directly and request that a resentencing be conducted. That is all that we're- Then Rule 35, we would have to reach a ruling on Rule 35 that's not what the law currently is. But I think it's an important question, because Hill does leave open the question of what it means that a term is constitutionally invalid. If the government violates Brady during sentences, during a sentence, is that an outcome driven factor? If we exclude those Brady violations, and we can prove that the result would have been different, is that an illegal sentence? And we believe it is. Because if you look at the two cases, which the government cites in their brief, and they mention the sentence by Judge Keenan. We have a 61 year different, although this court found that the evidence in both trials was substantially similar, although it didn't violate double jeopardy. The violations of labor bribery and bid rigging were substantially similar. So Judge Owen had to take consideration of some other factors. And the other thing that's important to remember, the government created this situation. They went into sentencing with the purpose to influence the judge with uncharged acts. They wrote an entire memorandum. On a completely separate tack, I mean, if the commission authorizes a murder, what difference does it make if one member or another dissents, if there's an agreement to abide by the decision of the commission? That's an agreement, and that's why you sit on the commission, presumably. To have input into it, and you can't avoid the imprimatur of all the members, whether one or another of them dissents. Correct, Your Honor, but this Brady evidence proved Mr. Persco did not take a vote because he was not a member of the commission. Only commission members can take a vote according to the government's theory. If he's not a member, he did not take a vote, and therefore, the sentencing judge's reliance upon that information in regard to him, not everyone in some general determination, would be improper. And it's important to realize that the evidence regarding the Galante vote was not strong. When this court considered Mr. Persco's direct appeal, the dissenting judge said, the government's proof concerning the Galante murder is akin to the movie The Godfather, and a movie script is not the type of evidence to sentence men to 100 years in prison. That alone implies that the sentencing judge did consider these uncharged crimes in sentencing Mr. Persico. Otherwise, why would Judge Bright make that statement? Thank you. Thank you, Your Honor. We'll reserve decision. This time.